IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| BUDDY GREGG MOTOR HOMES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:05-CV-142 |
| KERR KOUNTRY RV'S, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion to Dismiss for Lack of in Personam Jurisdiction or to Dismiss or Stay Pursuant to the Colorado River Abstention Doctrine or to Transfer" filed by defendants, Marland Belflower and Brenda Belflower ("the Belflowers"), [doc. 7]. No response to the motion has been filed by plaintiff, Buddy Gregg Motor Homes, Inc. ("Gregg"). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." L.R. 7.2, E.D. Tenn. The Belflowers have also filed a "Supplement to Motion to Dismiss" [doc. 10], and no response to this supplement has been submitted.

Gregg's "Complaint for Declaratory Judgment and Other Relief" [doc. 1] was originally filed in The Chancery Court For Knox County, Tennessee on February 25, 2005. The case was removed to this court on March 16, 2005, by defendant Monaco Coach Corporation ("Monaco") [doc. 1].[1]

I.

The Belflowers attended a motor coach rally in Salem, Oregon in August, 2004.[2] At the rally, they spoke with defendant Dennis Kerr ("Kerr") about purchasing a new motor home from his company, defendant Kerr Kountry RV's, Inc. ("KK"). The Belflowers wanted a model manufactured by Monaco. While at the rally, the Belflowers executed a retail order form for the purchase of the motor home from Gregg and KK. Gregg's name and address are printed on the order form that was filled in by hand.

---

[1] The court observes in passing that not all the defendants joined in the removal petition or filed a consent to removal, as called for by the rule of unanimity adopted by the Sixth Circuit. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). The only defendants to consent to the removal, outside of the removing defendant Monaco, were the Belflowers who filed a notice of consent to removal [doc. 4]. The record indicates that all the defendants were served before the case was removed from state court [doc. 1]. However, technical defects, such as the breach of the rule of unanimity in this case, cannot be raised *sua sponte* by the court and are waived if not raised by a party within thirty days of removal. *Loftis*, 342 F.3d at 516-17 (citing 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995)).

[2] The facts are taken from the motion's supporting memorandum and the complaint.

Gregg alleges in the complaint that KK was not an authorized dealer for the motor home the Belflowers wanted to purchase. Gregg also alleges that it was asked to facilitate the sale of the motor home because KK could not broker the sale. The complaint further alleges that a Monaco representative proposed that Gregg assist KK with the transaction. Gregg contends in the complaint that its representative agreed that Gregg would participate in the sale and prepared Gregg's standard order form. Also according to the complaint, Gregg paid Monaco for the motor home through its floor plan arrangements, and a few days afterwards learned that the vehicle had been delivered directly to the Belflowers. Gregg contends it has not been paid.

In the supplement to their motion to dismiss, the Belflowers attach an order from the District Court of Cleveland County, Oklahoma granting them a default judgment against Gregg. The Oklahoma court found that Brenda Belflower is the rightful owner of the motor home at issue here and ordered Gregg to turn over the MSO[3] to the Belflowers within five days of entry of the court's order. The Belflowers state in their supplemental pleading that Gregg complied with the Oklahoma court's order on June 16, 2005.

---

[3] The court concludes that this refers to the manufacturer's Statement of Origin also referred to as a Certificate of Origin. A copy of the Certificate of Origin for the subject motor home is attached to the complaint in this case as Exhibit D.

3

II.

The motion before the court is brought pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Gregg has the burden of demonstrating that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002). When faced with a properly supported motion to dismiss, "the plaintiff may not stand on the pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)).

The court has the discretion to decide the issue of jurisdiction on the affidavits of the parties. *Theunissen*, 935 F2d. at 1458. When the court decides the motion on the affidavits and pleadings, the plaintiff need only make a prima facie showing to defeat dismissal. *Theunissen*, 935 F.2d at 1458; *Neogen*, 282 F.3d at 887. The prima facie burden is met "by 'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Id.* at 887 (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3rd Cir. 1987)). In this circumstance, the court views the pleadings and affidavits in the light most favorable to the plaintiff and does "not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen*, 282 F.3d at 887 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

III.

"When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). This involves inquiring into whether the state long-arm statute and due process have been satisfied. *Id.* Because the Tennessee long-arm statute extends to the constitutional limits of due process, these two inquiries are merged into the single determination of whether the assertion of personal jurisdiction over the Belflowers in this district violates due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996)(citing *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

Personal jurisdiction is characterized as either "general" or "specific." *See Nationwide*, 91 F.3d at 793-94. General jurisdiction involves the court's authority to hear a cause of action involving a defendant, whether or not the cause of action arose from the defendant's activities within the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984)). An assertion of general jurisdiction requires a showing of "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 416, 104 S. Ct. at 1873.

Specific jurisdiction, on the other hand, involves a circumstance in which the claims arise directly from or are related to a defendant's contacts with the forum state. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627-28 (6th Cir. 1998).

5

Often a single act can be the basis for specific jurisdiction. *Nationwide*, 91 F.3d at 794. The critical inquiry in this context is whether the nonresident defendant has sufficient contacts with the forum state so that the exercise of jurisdiction is consistent with "traditional notions of fair play and substantial justice." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed 95 (1945)).

The Sixth Circuit has set out a three-part test to determine whether the assertion of specific jurisdiction is appropriate.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Payne v. Motorists' Mut. Ins. Cos.,* 4 F.3d 452, 455 (6th Cir. 1993) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

In support of their motion to dismiss, the Bellflowers submitted the affidavit of Brenda Belflower. The affidavit establishes that she and her husband reside in Oklahoma; the retail order form from plaintiff was signed in Oregon; she and her husband did not visit Tennessee to negotiate the terms of the purchase and in fact have never been to Tennessee; she never initiated any contact with the plaintiff in Tennessee; the only face-to-face contact with plaintiff's representative was in Oregon; she and her husband did not send any

6

correspondence to plaintiff in Tennessee nor did they place any telephone calls to plaintiff in Tennessee; no payments for the motor home were ever sent to Tennessee; all communications concerning the various options on the motor home were made directly with the Monaco plant in Oregon; and she and her husband accepted delivery of the motor home directly from the Monaco factory in Oregon. Plaintiff has offered nothing in response to this affidavit.

As discussed above, the motion before the court is brought pursuant to Rule 12(b)(2), and in order to defeat the motion, Gregg has the burden of demonstrating that jurisdiction exists. It can meet that burden by making a prima facie showing that jurisdiction over the Belflowers exists.

However, Gregg has not met its burden of making such a prima facie showing. Gregg has placed no evidence in the record that might demonstrate that the Belflowers are properly before this court in Tennessee, and Gregg has had ample opportunity to do so. The record reveals that general jurisdiction does not exist as the required "continuous and systematic" contacts with the forum state are not present. Nor is there any showing of specific jurisdiction. Brenda Belflower's affidavit demonstrates that there have been no contacts with the State of Tennessee by her or her husband, and none of the actions Gregg complains about occurred in Tennessee.

The court thus concludes that it does not have personal jurisdiction over the Belflowers and their dismissal from the lawsuit is appropriate. Having so found, the court does not need to consider the alternative procedures argued by the Belflowers in their motion.

Accordingly, for the reasons stated herein, the motion to dismiss will be granted to the extent it seeks dismissal of the Belflowers from this case. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

8

Case 3:05-cv-00142   Document 12   Filed 10/06/05   Page 8 of 8   PageID #: 8